IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY GLASSBRENNER,

    Plaintiff,

    v.

MERCY HOSPITAL,

    Defendant.

**07cv1535**
**Electronically Filed**

**MEMORANDUM AND ORDER OF COURT**

The record before the Court on Defendant's Motion for Summary Judgment (doc. no. 33) shows that, while plaintiff may have a difficult time convincing a jury that defendant interfered with his right to take intermittent FMLA leave and that it retaliated against him for exercising his FMLA rights, there are genuine issues of material fact on these matters that must be resolved by the finder of fact (e.g., pretext versus legitimate business reason for termination).

"Rule 56 of the Federal Rules of Civil Procedure 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Summary judgment is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. Sch. Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), quoting *Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted). An issue of material fact is genuine if the

evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof."), citing *Anderson* and *Celotex Corp.*.

In deciding a summary judgment motion, a court must view the facts in the light most favorable to, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party. *Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001); *Woodside*, 248 F.3d at 130; *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 151 (3d Cir. 1999). Further, the court must not engage in credibility determinations at the summary judgment stage. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998), quoting *Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

Credibility of parties and witnesses who tell conflicting stories of events is not for this Court to judge as a matter of law. In its Reply Brief defendant argues, *inter alia*, that "Glassbrenner's dubious contention that he was unaware of his right to take intermittent leave is incredible at best." Defendant's Reply Brief (doc. no. 48), at 1. Inadvertently, defendant acknowledges there is at least one issue of credibility, which, of course, is for the finder of fact to resolve after hearing from the parties and witnesses, observing their demeanor and manner of speaking, assessing their credibility and deciding which story to believe. The Court finds this and other genuine issues of material fact exist that preclude this Court from entering summary judgment on plaintiff's FMLA claims.

Summary judgment is appropriate, and will be granted, on plaintiff's claims made

pursuant to the ADA and the Pennsylvania Human Relations Act, based on plaintiff's candid admission that insufficient evidence has been adduced to support such claims.

For the foregoing reasons, Defendant's Motion for Summary Judgment (doc. no. 33) is GRANTED IN PART, and summary judgment is entered in defendant's favor on plaintiff's ADA and PHRA claims, and DENIED IN PART as to plaintiff's FMLA claims.

In light of this ruling, the parties are directed to submit revised Confidential Statements for Purposes of Settlement Conference on or before September 15, 2008, at 3:00 pm, along with the proposed settlement agreements required by this Court's previous orders, practices and procedures.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties