IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY GLASSBRENNER,

    Plaintiff,

v.

MERCY HOSPITAL,

    Defendant.

**07cv1535**
**Electronically Filed**

**ORDER OF COURT ON MOTIONS IN LIMINE**

After careful consideration of the numerous motions in limine filed by plaintiff and defendant and their respective responses, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion in Limine to Exclude Evidence of Amount of Unemployment Compensation Benefits (doc. no. 62) is GRANTED, without objection.

2. Plaintiff's Motion in Limine to Exclude Evidence of Mike Dzikowski's Letter (doc. no. 63) is GRANTED pursuant to Fed.R.Evid. 403, as the probative value is outweighed by the potential for undue prejudice.

3. Plaintiff's Motion in Limine to Exclude Evidence of October 18, 2006 Employee Escort Complaint (doc. no. 64) is GRANTED pursuant to Fed.R.Evid. 403, as the probative value is outweighed by the potential for undue prejudice.

4. Plaintiff's MOTION in Limine to Exclude Evidence of EEOC Dismissal (doc. no. 65) is GRANTED, without objection.

5. Plaintiff's Motion in Limine to Exclude Evidence of Allegations of Glassbrenner Sleeping While at Work (doc. no. 66) is GRANTED pursuant to Fed.R.Evid. 403, as the probative value is outweighed by the potential for undue prejudice.

6. Plaintiff's Motion in Limine to Exclude Evidence of His Prior Lawsuits, Settlement Amounts and Union Grievance (doc. no. 67) is GRANTED, without objection.

7. Plaintiff's Motion in Limine to Exclude Evidence of Glassbrenner's Request for Time Off to Go to Florida (doc. no. 68) is GRANTED pursuant to Fed.R.Evid. 403, as the probative value is outweighed by the potential for undue prejudice.

8. Plaintiff's Motion in Limine to Exclude 2006-2007 Security Job Listings (doc. no. 69) is GRANTED, but the Court will consider the use of such evidence for impeachment purposes upon motion by defendant at the appropriate time.

9. Defendant's First Motion in Limine to Exclude Evidence Regarding Former Employee Tom Lloyd's Termination (doc. no. 70) is GRANTED pursuant to Fed.R.Evid. 403, as the probative value is outweighed by the potential for undue prejudice.

10. Defendant's Second Motion in Limine to Exclude Evidence Regarding the Termination of Other Employees (doc. no. 71) is GRANTED pursuant to Fed.R.Evid. 403, as the probative value is outweighed by the potential for undue prejudice.

11. Defendant's Third Motion in Limine to Exclude Evidence Regarding Commendation Letters Received by Plaintiff (doc. no. 72) is GRANTED in part and DENIED in part; plaintiff may offer his five most recent Commendation Letters, but the parties shall meet and confer and submit a stipulation summarizing, in neutral fashion, the remaining Commendation Letters.

12. Defendant's Fourth Motion in Limine to Exclude Evidence of Plaintiff's Claim That Mercy Interfered With His FMLA Rights When It Failed to Advise Him Of His Right To Intermittent Leave (doc. no. 73) is GRANTED to the extent plaintiff now seems to be claiming

that defendant interfered with his FMLA rights by failing to advise him of his right to take intermittent leave, which claim was raised for the first time in his opposition brief on summary judgment.

Plaintiff's interference theory of FMLA liability was specifically pegged to his termination for asserting and taking FMLA leave. Amended Complaint (doc. no. 6), Count III, FMLA - Interference with FMLA rights, ¶¶ 23-26 ("25. Defendant interfered with Glassbrenner's rights when it fired Glassbrenner after he exercised his rights under the FMLA in violation of 29 U.S.C. §2615(a)(1).") The Court agrees with defendant that plaintiff had opportunity to seek leave to amend his complaint prior to the close of discovery and did not do so, and notes that he still has not requested leave to amend.

While the Court also agrees with defendant that the two prior warnings for unscheduled absences did not amount to adverse employment actions, defendant does not ask that any evidence about said warnings be excluded from the jury, and the Court does not by this Order preclude evidentiary use of this evidence.

The Court's rulings herein are subject to reconsideration during trial should a party open the door to a matter that has been excluded by these rulings.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:    All Registered ECF Counsel and Parties